UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH PRESSER and
STEVEN PRESSER,

        Plaintiffs,

v.

        Case No. 11-CV-11239
        HON. GEORGE CARAM STEEH

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, BANK OF AMERICA,
MORTGAGE ELECTRONICS
REGISTRATION SYSTEMS, INC., and
BAC HOME LOANS SERVICING, LP,

        Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS (#19)

On March 7, 2011, plaintiffs filed an action in Genesee County Circuit Court challenging their mortgage foreclosure. Plaintiffs assert: (1) a quiet title claim; (2) an equitable estoppel claim; and (3) a claim for declaratory judgment setting aside the Sheriff's Deed. On March 28, 2011, the action was removed to this court. On January 25, 2012, the court heard oral argument on defendants' motion to dismiss. At the hearing, the court and defendants became aware of an amended complaint filed in state court. The court therefore denied defendants' motion to dismiss without prejudice as it was based on the complaint rather than the amended complaint. The court set deadlines for plaintiffs to file their amended complaint and for defendants to file a motion to dismiss based on the amended complaint. Defendants' renewed motion to dismiss is now pending before this

-1-

court. The court finds that oral argument is not necessary. See Local Rule 7.1(f). For the reasons that follow, the court GRANTS defendants' motion to dismiss.

BACKGROUND

On March 30, 2006, plaintiffs borrowed $200,000 from America's Wholesale Lender to purchase a condominium unit located at 9388 Varodell Dr., Unit 19, Davison, Michigan, 48823. The obligation to repay the loan was evidenced by a promissory note, which was secured by a mortgage on the property granted to defendant Mortgage Electronics Registration Systems, Inc. ("MERS") as nominee for the lender and the lender's successors and assigns. The loan was subsequently serviced by BAC Home Loans Servicing LP.

Following default, BAC, as servicer of the loan, initiated a foreclosure by advertisement. On May 4, 2010, MERS assigned its interest in the mortgage to BAC. The assignment was recorded with the Genesee County Register of Deeds on May 27, 2010. Plaintiffs allege that, while foreclosure was pending, the parties explored a possible Home Affordable Modification Program ("HAMP") loan modification. In the affidavits attached to their response brief, plaintiffs attest "[i]n approximately January 2010, [they were] told by representatives of Bank of America that [they] had to be behind in [their] mortgage payments before [they] would be considered for a loan modification." They also attest they were "repeatedly told that while [their] loan modification request was being process [sic] that the lender would not proceed with foreclosure action." Plaintiffs attest that they did not receive any notice via first-class mail, certified mail, or otherwise from their lender advising of a right to a face-to-face meeting with a housing counselor and/or representatives of the bank. Plaintiffs also

attest that a "notice of foreclosure was never posted on [their] property advising of the sheriff's sale."

The documents attached to the amended complaint include an affidavit of posting at plaintiffs' residence on June 11, 2010 and affidavits of publication in the newspaper on May 19, June 9, 16, 23, and 30, 2010.  BAC's affidavit of compliance with the requirements of MCL 600.3204 and 600.3205 is attached to the Sheriff's Deed.  The foreclosure sale occurred on July 7, 2010.  Defendant Fannie Mae was the highest bidder, and a Sheriff's Deed was recorded with the Genesee County Register of Deeds granting Fannie Mae fee simple ownership of the property.  The redemption period expired on January 7, 2011 without plaintiffs challenging the foreclosure sale or redeeming the property.  In their response brief, plaintiffs claim, without citation, that they "did not learn until January 2011 . . . that BAC was intending to proceed with the foreclosure of their home instead of processing their loan modification request as promised."

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).  The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]"  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545,

548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).  The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662; 129 S.Ct. 1937, 1951 (2009).  The well-pleaded facts must permit an inference of more than a mere possibility of misconduct.  Id. at 1950.

In considering a Rule 12(b)(6) motion, the court may consider documents attached to a defendant's motion as part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.  Weiner v. Klais and Co., 108 F.3d 86, 89 (6th Cir. 1997).  A court may also consider matters of public record.  Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."  If the motion is treated as one for summary judgment, all parties must be given a reasonable opportunity to present all the material that is relevant to the motion.  The court may also, in its discretion, choose to exclude the additional materials and proceed in evaluating the motion under Rule 12(b)(6).  Defendants argue the court should rule on the motion to dismiss without considering plaintiffs' affidavits as those affidavits should not be considered when ruling on a Rule 12(b)(6) motion.  The court will limit its consideration to allegations in the complaint and documents attached to, or referenced, in the complaint and central to plaintiffs' claims.

ANALYSIS

Quiet Title/Declaratory Judgment Claims (Counts I and III)

The plaintiff in an action to quiet title bears the burden of proof and must make out a *prima facie* case of title. Boekeloo v. Kuschinski, 117 Mich. App. 619, 628-29 (1982). A conclusory attack on the foreclosure process is not a legitimate basis to demand quiet title. Mekani v. Homecomings Financial, LLC, 752 F.Supp.2d 785, 796 (E.D. Mich. 2010) (dismissing quiet title claim because "[p]laintiff's claim to quiet title 'merely attacks the foreclosure process and does not address a legitimate title dispute.'") "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." Sweet Air Inv., Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) (quotation marks and citation omitted). Defendants argue that plaintiffs fail to allege facts making out a *prima facie* case of title or a case of fraud or irregularity sufficient to set aside the foreclosure sale.

Plaintiffs argue defendants violated the provisions of Michigan's foreclosure by advertisement statute. MCL 600.3204 provides the guidelines for foreclosure by advertisement and MCL 600.3204(1)(d) states a party may foreclose by advertisement if, in addition to other requirements, the "party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." MCL 600.3204(3) provides "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist *prior to the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." (Emphasis added).

-5-

The legislative history of the 2004 amendment to MCL 600.3204 suggests the interest need not be recorded at the time the foreclosure process is initiated:

> The aim of the bill is to clarify a current dispute over when a record chain of title showing the assignment of the mortgage . . . needs to exist in the foreclosure by advertisement process. The bill would say that it needs to be in place prior to the foreclosure sale not prior to the initiation of the foreclosure process.

Michigan House Fiscal Agency Bill Analysis, H.B. 5859, 12/29/2004.

In Davenport v. HSBC Bank USA, 275 Mich. App. 344, 347 (2007), the court rendered a foreclosure invalid because the foreclosing party did not own an interest in the indebtedness pursuant to MCL 600.3204(1) at the time notice was published. In that case, the defendant first published notice on October 27, 2005, but was not assigned the mortgage until October 31, 2005. A document is effective when it is executed by the parties. Chicago Boulevard Land Co. v. Nutten, 268 Mich. 541, 544 (1934); see Harris v. Federal Nat'l Mortgage Ass'n, No. 10-10810, 2010 WL 2772501, *4 (E.D. Mich. July 13, 2010) (concluding servicer complied with the foreclosure by advertisement statute because its interest was recorded almost a month before the Sheriff's Sale).

Here, plaintiffs argue the foreclosure is invalid because the assignment of the mortgage to BAC was not recorded at the time BAC published notice of intent to foreclose. The notice was published in the Mt. Morris/Clio Herald on May 19, 2010. However, plaintiffs do not dispute that the assignment of mortgage was executed on May 4, 2010 and recorded on May 24, 2010. Because the assignment was executed before publication of the notice and recorded before the July 7, 2010 foreclosure sale, defendants have met the requirements of MCL 600.3204.

Plaintiffs also assert violations of the notice provisions of Michigan's foreclosure by advertisement statute. Under MCL 600.3205a, notice must be sent to the borrower by the foreclosing party. MCL 600.3205a(3) provides the method of service: "A person shall serve a notice . . . by mailing the notice by regular first-class mail and by certified mail, return receipt requested, with delivery restricted to the borrower, both sent to the borrower's last known address." MCL 600.3204(4) forbids a party from commencing foreclosure proceedings if "[n]otice has not been mailed to the mortgagor as required by section 3205a." BAC's affidavit of compliance with the requirements of MCL 600.3204 and 600.3205 is attached to the Sheriff's Deed. Plaintiffs do not assert a violation of this notice requirement in their first amended complaint. In response to the motion to dismiss, plaintiffs submitted affidavits attesting that they "did not receive any notice via first-class mail, certified mail, or otherwise from [their] lender advising [them] of [their] right to a face-to-face meeting with a housing counselor and/or representatives of the bank." However, as the case is before this court on a motion to dismiss, plaintiffs' affidavits will not be considered.

Under MCL 600.3208, notice of the foreclosure must be published for four successive weeks:

> in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

In this case, John Harrington, a Genesee County Deputy Sheriff, swore before a notary public on June 11, 2010 that he posted notice of the foreclosure sale "in a conspicuous

-7-

place upon the [subject] premises." The affidavit is attached to the amended complaint. In the amended complaint, plaintiffs allege that "on June 11, 2010, notice of the Sheriff's sale was allegedly posted on Plaintiffs' door." In the amended complaint, plaintiffs do not challenge the affidavit of posting and affidavit of compliance attached to the Sheriff's Deed which show compliance with the procedural requirements of the foreclosure statute. They simply allege that they did not see the notice. In response to the motion to dismiss, plaintiffs attach affidavits in which they state a "notice of foreclosure was never posted on my property advising of the sheriff's sale." However, such an allegation is not contained in the amended complaint and plaintiffs fail to discuss this argument in their response brief. As plaintiffs have failed to allege any way in which defendants did not comply with the foreclosure statute in their amended complaint, and the redemption period has expired, plaintiffs' claims for quiet title and declaratory judgment are DISMISSED.

Equitable Estoppel Claim (Count II)

"Equitable estoppel is not an independent cause of action, but instead a doctrine that may assist a party by precluding the opposing party from asserting or denying the existence of a particular fact." Conagra, Inc. v. Farmers State Bank, 237 Mich. App. 109, 140-41 (1999); see Marrero v. McDonnell Douglas Capital Corp., 200 Mich. App. 438, 443-44 (1993) (finding "[p]laintiff's claim of 'equitable estoppel' also fails. Equitable estoppel is usually invoked as a defense; it is not a cause of action in itself and provides no remedy such as damages.") As equitable estoppel is not a cause of action in Michigan, defendants argue plaintiffs' equitable estoppel claim should be dismissed.

Plaintiffs argue they have set forth a claim for equitable estoppel and discuss the

elements necessary to apply the doctrine of equitable estoppel.  However, plaintiffs fail to address the problem raised by defendants – the law providing that equitable estoppel is not an independent cause of action.  Indeed, plaintiffs cite Conagra, discussed above, which explicitly states that equitable estoppel is not a cause of action.  In relation to their equitable estoppel argument, plaintiffs make a general argument that they have stated a claim based on defendants' oral representations and "encourage this Court for a change in the law as it relates to...Michigan's statute of frauds."  Defendants note that Michigan law bars the enforcement of any commitment by a financial institution unless it is in writing and signed by an authorized representative.  Plaintiffs argue "the law should be changed accordingly to protect innocent homeowners relying on the misrepresentations of their lenders."  Plaintiffs fail to connect this argument to a claim, other than their claim for equitable estoppel.  Because equitable estoppel is not an independent cause of action, plaintiffs' equitable estoppel claim is DISMISSED.

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED and plaintiffs' amended complaint is DISMISSED.

Dated:  July 24, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 24, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk